(No. 4972-)

VERNA M. LOTT, as Administratrix of the Estate of HUGH B. LOTT, JR., VERNA M. LOTT, Individually and as surviving spouse of HUGH B. LOTT, JR., deceased, and as next friend for HUGH BENWICK LOTT, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

JOHN E. CASSIDY, JR., and BEN C. LEIKEN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; STANLEY W. CRUTCHER, Assistant Attorney General, for Respondent.

PERLIN, C. J.

On March 14, 1959, Hugh B. Lott, Jr., a Second Lieutenant in the Illinois Air National Guard, was killed while flying a jet fighter plane over Peoria County, Illinois. The Departmental Report of the Adjutant General

confirms that, at the time of the accident, Lieutenant Lott was performing Inactive Duty Training, and was killed in the line of duty.

. Claimants in this proceeding are Verna M. Lott, Administratrix of the Estate of deceased and his surviving spouse, and Hugh Benwick Lott, son of the deceased, who was born on June 19, 1959. Recovery is sought in the sum of $21,000.00 in behalf of Hugh Benwick Lott, and $30,000.00 in behalf of Verna M. Lott.

Although this case was commenced under Ill. Rev. Stats., Chap. 129, Sec. 143, that section was changed in 1957 to Ill. Rev. Stats., Chap. 129, Sec. 220.53 (1957), which provides as follows:

"When officers, warrant officers or enlisted personnel of the Illinois National Guard or Illinois Naval Militia are injured, wounded or killed while performing duty in pursuance of orders from the Commander-in-Chief, said personnel, or their heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

The provisions of former Sec. 143 and current Sec. 220.53 are substantially similar, and the arguments of the parties in this case are applicable to the new as well as the old statutory sections.

Claimant contends there is no limitation on the amount, which may be awarded under the above statute, and that her claim is reasonable.

We have great sympathy for the grievous loss suffered by the wife and child of the deceased. The Court of Claims, however, has established a policy of limiting the amount of recovery in such cases.

In *Ward* vs. *State*, No. 4897, the Court stated:

"It is the opinion of this Court that, while the section of the statute under which recovery is here sought appears to impose no maximum amount on its face, the Legislature adopted this provision as remedial legislation, and did not intend that it be applied without equal standards or reasonable limitation of amount."

338

The Court further held that "liability without fault must be necessarily limited to protect the State from astronomical claims, which might be urged by claimants under the Military and Naval Code, just as the State is protected from injury claims by ordinary State employees under the Workmen's Compensation Act."

The Court established the premise that, in personal injury or death cases brought pursuant to the Military and Naval Code, Sec. 220.53 and similar provisions, recovery shall be limited to an amount no greater than the maximum prescribed for similar claims under the Workmen's Compensation Act in effect in the State of Illinois at the time the injuries were incurred. In determining the extent of aid to be contributed by the State, it is the policy of the Court to disregard payments from the Federal Government or other sources.

The maximum amount allowable to a widow and one child under the Workmen's Compensation Act in effect on the date of the accident herein (Ill. Rev. Stats., 1957, Chap. 58, Sec. 138.7) was $11,250.00.

We, therefore, award to claimant the sum of $11,250.00.